IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIRK KINDER, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-4617-G-BN |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). The undersigned issues the following findings, conclusions, and recommendations regarding the effect of Defendant GMAC Mortgage, LLC's Notice of Bankruptcy Filing and Supplemental Servicing Order [Dkt. No. 11].

**Background**

Defendants Federal National Mortgage Association ("FNMA") and GMAC Mortgage, LLC ("GMAC") removed this case to this Court on November 19, 2013. *See* Dkt. No. 1.

On December 3, 2013, Defendant GMAC filed a Notice of Bankruptcy Filing and Supplemental Servicing Order, in which it argued that all of Plaintiffs' claims in this case are subject to the automatic stay provisions of 11 U.S.C. § 362. *See* Dkt. No. 11.

On December 31, 2013, the Court issued an Electronic Order that explained that "[t]he Court wishes to obtain the parties' views on the effect of GMAC's bankruptcy on Plaintiffs' pending claims against GMAC and its co-defendant Federal National Mortgage Association, in light of the automatic stay provisions of 11 U.S.C. § 362," and ordered that "Plaintiffs shall file a brief explaining their views on this matter by January 14, 2014, and Defendants shall file a brief explaining their views by January 21, 2014." Dkt. No. 18.

Plaintiffs have not filed a brief – and, in fact, have made no filings in this Court to date – but Defendants filed their brief as required on January 15, 2014. *See* Dkt. No. 21.

## Legal Standards and Analysis

Defendant GMAC has filed a notice and brief explaining why the Section 362 automatic stay applies to Plaintiffs' claims against GMAC. *See* Dkt. Nos. 11 & 21.

As GMAC's filings explain, Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. As a result of the bankruptcy filing, Section 362(a)'s automatic stay protections arose with regard to GMAC, among others. On July 13, 2012, the bankruptcy court entered a final supplemental order granting, among other things, the Debtors' motion for limited relief from the automatic stay to permit non-Debtor parties in foreclosure and eviction proceedings, borrower bankruptcy cases, and title disputes to continue to assert and prosecute certain defenses, claims, and

counter-claims. Paragraphs 14, 15, 16, and 17 of that order identify the categories of defenses, claims, and counter-claims for which the automatic stay has been modified (the "Permitted Claims"). Permitted Claims are those asserted by a borrower, mortgagor, or lienholder that relate "exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding…." Dkt. No. 11, Ex. A. Claims for monetary relief of any kind or nature and claims "for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction" are not Permitted Claims. *Id.*

On January 13, 2013, Green Tree Servicing, LLC purchased certain assets and mortgage servicing rights to mortgage loans from or became the subservicer of certain mortgage loans of Residential Capital, LLC and its subsidiaries GMAC and Residential Funding Company, LLC. Plaintiffs' mortgage loan was included in the purchase by Green Tree Servicing, LLC, and therefore GMAC no longer services the mortgage loan at issue in this case. *See* Dkt. Nos. 11 & 21.

GMAC asserts that, because it no longer services Plaintiffs' mortgage loan, Plaintiffs' claims against GMAC are not Permitted Claims and therefore remain subject to the Section 362(a) automatic stay, prohibiting the continued prosecution of those claims. *See id.*

Defendants acknowledge that "Plaintiffs' claims against FNMA, however, are not subject to the automatic stay, as FNMA is not a debtor." Dkt. No. 21 at 4.

Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate.'" *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). The automatic stay forestalls action against debtors in bankruptcy but not against co-debtors, co-tortfeasors, or other non-debtors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

The United States Court of Appeals for the Fifth Circuit has held that "a section 362(a)(1) stay is available only for the debtor's benefit and does not prohibit actions against nonbankrupt third parties or codefendants." *Matter of S.I. Acquisition*, 817 F.2d at 1147. Thus, "it is well-established 'that the protections of § 362 neither apply to co-defendants nor preclude severance.'" *Hamel-Schwulst v. Country Place Mortg. Ltd.*, 406 F. App'x 906, 911 (5th Cir. 2010) (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)). And "[t]he automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding," and courts retain jurisdiction "to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990); *see also Arnold v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002) (citing cases).

GMAC has demonstrated that Plaintiffs' claims against it are subject to Section 362(a)'s automatic stay protections. But Defendants do not assert that any exception to the general rule against extending the stay to a non-debtor applies to Plaintiffs' claims against FNAM. Defendants recommend that Plaintiffs' claims against GMAC should be severed from this action, closed, and placed on the administrative docket subject to reopening only upon appropriate motion by Plaintiffs. Plaintiffs have not addressed the issue at all, despite the Court's order requiring them to do so.

The undersigned agrees that severance of Plaintiffs' claims against GMAC is the appropriate course of action, *see Wedgeworth*, 706 F.2d at 544, and recommends that the Court issue an order severing Plaintiffs' claims against GMAC from this action and, because Plaintiffs' claims against GMAC are subject to 11 U.S.C. § 362(a)(1)'s automatic stay protections, directing that the newly opened action for those claims be stayed and administratively closed, subject to reopening only upon appropriate motion by Plaintiffs or GMAC. Plaintiffs' claims against FNAM should proceed in this case.

## Recommendation

The undersigned recommends that the Court issue an order severing Plaintiffs' claims against GMAC Mortgage, LLC from this action and, because Plaintiffs' claims against GMAC are subject to 11 U.S.C. § 362(a)(1)'s automatic stay protections, directing that the newly opened action for those claims be stayed and administratively closed, subject to reopening only upon appropriate motion by Plaintiffs or Defendant GMAC Mortgage, LLC. Plaintiffs' claims against Federal National Mortgage Association should proceed in this case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 27, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE