IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIRK AND ROXANNA KINDER,            §
                                    §
            Plaintiffs,             §
                                    §
V.                                  §
                                    §            No. 3:13-cv-4617-G-BN
FEDERAL NATIONAL MORTGAGE           §
ASSOCIATION,                        §
                                    §
            Defendant.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge for pretrial

management under 28 U.S.C. § 636(b) and a standing order of reference. Defendant

Federal National Mortgage Association ("Fannie Mae" or "Defendant") has filed a

Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings. *See* Dkt.

No. 33. The undersigned issues the following findings of fact, conclusions of law, and

recommendation that the motion for judgment on the pleadings should be granted.

**Background**

On December 1, 1988, Plaintiffs Kirk and Roxanna Kinder ("Plaintiffs")

purchased a twenty-acre tract of land in Johnson County, Texas. In April of 1998,

Plaintiffs took out a mortgage loan ("Loan") on a ten-acre portion of the property

("Property") in the amount of $148,800.00, and Plaintiffs executed and delivered a

Promissory Note ("Note") to North American Mortgage Company. *See* Dkt. No. 1-1 at

4-5 & 23-25. Plaintiffs also executed a document "waiving the requirement for an

escrow account with the lender for the payment of insurance and property taxes." Dkt. No. 1-1 at 4. In this document, the lender also agreed to "provide a sixty day notice prior to the lender establishing an escrow account." *Id*. The ten acres constituting the Property is the only portion of the land encumbered by the Deed of Trust. *See id*.; *see also id*. at 27-37. North American Mortgage Company then assigned the Note to GMAC Mortgage Corporation ("GMACM"). *See id*. at 4-5. GMACM was the servicer of the Note until January 2013. The servicing was then transferred to Green Tree Servicing LLC after GMACM gave notice of its intent to file for bankruptcy. *See* Dkt. No. 11.

In 2009, GMACM elected to pay property taxes on the Property (as well as the unencumbered property), forced an escrow account on the property, and notified Plaintiffs of the new payment amount. *See* Dkt. No. 1-1 at 4-5. Plaintiffs allege that GMACM paid property taxes on the Property without prior notice and incorrectly paid taxes on the unencumbered land. *See id*. Following GMACM's recommendation, Plaintiffs withheld payment and applied for a loan modification in order to reduce their monthly payment amount; this request was later denied. *See id*. at 5-6. The Loan was accelerated, and a Notice of Sale and a Notice of Acceleration were sent to Plaintiffs. *See id*. at 6. GMACM foreclosed on the Property on June 1, 2010. GMACM purchased the Property at the foreclosure sale, and GMACM subsequently deeded the Property to Defendant Fannie Mae on June 2, 2010, via Special Warranty Deed. *See id*. at 5.

On June 5, 2013, Plaintiffs filed the underlying lawsuit against Fannie Mae in the 413th District Court of Johnson County, Texas, seeking to prevent the Defendant from conducting an eviction and from otherwise selling or taking possession of

Plaintiffs' residential property in Johnson County, Texas. *See id.* at 3. Plaintiff's complaint charges that GMACM failed to send required notices and raises claims for breach of contract, promissory estoppel, unreasonable collection efforts, intentional, or in the alternative, negligent misrepresentation, seeks to quiet title, and requests relief under various sections of the Texas Debt Collection Act. *See id.* at 6-9.

Defendant and GMACM timely removed the case on November 19, 2013. *See* Dkt. No. 1. On December 3, 2013, GMACM filed a Notice of Bankruptcy Filing and Supplemental Servicing Order, arguing that all of Plaintiffs' claims in the case are subject to the automatic stay provisions of 11 U.S.C. § 362. *See* Dkt. No. 11.

On February 19, 2014, Senior United States District Judge A. Joe Fish severed Plaintiffs' claims against GMACM and administratively closed the new action due to the automatic stay. *See* Dkt. Nos. 22 & 31. Plaintiffs' claims against Defendant were allowed to proceed in this case. *See id.*

On March 13, 2014, Defendant filed a Rule 12(c) motion for judgment on the pleadings. *See* Dkt. No. 33. Defendant contends that Plaintiffs' claims fail because they are insufficiently pleaded and are otherwise barred as a matter of law. *See id.* at 8. Plaintiffs have failed to respond, and their time to do so has passed months ago. *See* Dkt. No. 35.

The undersigned concludes that the motion for judgment on the pleadings should be granted.

## Legal Standards

Rule 12(c) provides that, "[a]fter the pleadings are closed – but early enough not

to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "'A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "'[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Id.* (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). To avoid dismissal, a plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not

contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiffs' allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Defendant moves for Rule 12(c) dismissal of Plaintiffs' complaint on the grounds that Plaintiffs' claims are insufficiently pleaded and otherwise fail as a matter of law. Plaintiffs have failed to respond to Defendant's 12(c) motion.

Breach of Contract

Plaintiffs' first claim is for breach of contract. The elements of a breach of contract claim under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l Inc. v. Egle Grp., LLC,* 490 F.3d 380, 387 (5th Cir. 2007). In their Initial Complaint, Plaintiffs allege that there was an oral modification, made by GMACM to Plaintiffs, altering the loan agreement by delaying the foreclosure from the scheduled date of June 1, 2010 and that they had satisfied all obligations and conditions precedent under the modification agreement. *See generally* Dkt. No. 1-1 at 6-7. Further, Plaintiffs allege that Defendant breached the contract by going forward with the foreclosure on June 1, 2010. Plaintiffs do not contend that any written evidence

pertaining to modification of the loan exists or that any written contract was ever executed.

Defendant argues that Plaintiffs' breach of contract claim fails because (1) it does not meet the Rule 8 pleading requirements; (2) it is directed at GMACM rather than Fannie Mae; (3) to the extent it is based on alleged erroneous tax payments, it is without merit; and (4) it is barred by the statute of frauds. *See* Dkt. No. 33 at 8-13.

Plaintiffs' claim for breach of contract fails for numerous reasons. Initially, the claim fails to meet the Rule 8(a)(2) pleading standard. Under Rule 8(a)(2), a complaint need not contain detailed factual allegations, but Plaintiffs must allege more than labels and conclusions, and, while the Court must accept all of Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *see also* FED. R. CIV. P. 8(a)(2). In their complaint, Plaintiffs do not specify which provision of the contract Fannie Mae breached. *See* Dkt. No. 1-1 at 7-8. Plaintiffs allege that GMACM – not Fannie Mae – breached the Deed of Trust by failing to provide notice of intent, as required by the escrow agreement, when GMACM voluntarily paid taxes for the land encumbered by the Deed of Trust (as well as the unencumbered land) and forced an escrow on Plaintiff. *See* Dkt. No. 1-1 at 5. Plaintiffs' only assertions are that they have a "valid contract with Defendant" and that they have "satisfied all obligations and conditions precedent under the agreement." *Id.* at 7. Plaintiffs do not allege, or give any indication, that Fannie Mae was involved in these transactions or took any action in breach of the terms of the contract. Plaintiffs give only a threadbare or formulaic recitation of the elements of a

cause of action, and their allegations are only supported by mere conclusory statements. Thus, they do not suffice. *See Iqbal*, 556 U.S. at 678.

The undersigned also agrees with Defendant's argument that Plaintiffs' claim is wholly predicated on the alleged unlawful actions of GMACM, not Fannie Mae. Plaintiffs have not alleged any facts to show that Fannie Mae engaged in any independent conduct or had any involvement in the alleged actions constituting the breach; that is, Plaintiffs do not assert that Fannie Mae was a party to the oral modification of the agreement or the alleged improper payment of the property taxes. The mere fact that Fannie Mae purchased the Property at foreclosure does not support a conclusion that it was involved in any illegal or breaching activity. *See Gillespie v. BAC Home Loans Servicing, LP*, No. 4:11-cv-388-A, 2012 WL 1870923, at *6 (N.D. Tex. May 23, 2012).

Further, even if Fannie Mae is alleged to be somehow responsible for breaching the oral agreement, this claim is barred by the statute of frauds. The statute of frauds requires that certain contracts be in writing in order to be enforceable. Under Texas law, an oral modification of a written contract in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative. *See Caldwell v. Falgstar Bank FSB*, No. 3:12-cv-1855-K-BN, 2013 WL 705110, at *6 (N.D. Tex. Feb. 4, 2013), *rec. adopted*, 2013 WL 705876 (N.D. Tex. Feb. 26, 2013); *see also* TEX. BUS. & COM. CODE § 26.01. Agreements to modify an existing loan agreement include agreements to forego or delay foreclosure and, as such, are also

subject to the statute of frauds. *See id.*; *see also Williams v. Wells Fargo Bank, N.A.,* 560 F. App'x 233, 238-39 (5th Cir. 2014).

Because Plaintiffs' loan was for $148,800.00, it is subject to the statute of frauds. Any changes to the loan agreement, such as the alleged oral modification to delay foreclosure, must be in writing in order to be binding on the parties. Plaintiffs' complaint indicates that no such writing was created. Therefore, the breach of contract claim is invalid based on the statute of frauds.

Plaintiffs have failed to plead a claim for breach of contract, and the Court need not reach Defendant's other arguments regarding the claim. Because the undersigned concludes that Plaintiffs' claim is not legally viable and no amount of artful or creative pleading of facts will permit Plaintiffs to state a claim upon which relief can be granted, Defendant's motion for judgment on the pleadings regarding Plaintiffs' claim for breach of contract should be granted, and this claim should be dismissed with prejudice.

Promissory Estoppel

Plaintiffs also assert a claim for promissory estoppel. Promissory estoppel is an equitable doctrine that ordinarily is used as a defense in order to prevent a party from insisting on its strict legal rights when it would be unjust to allow it to enforce them. *See Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 F. App'x 394, 398 (5th Cir. 2013). Here, Plaintiffs seek to raise promissory estoppel as an independent cause of action, contending that they reasonably relied to their detriment on an otherwise unenforceable promise. Dkt. No. 1-1 at 7. Plaintiffs argue that Defendants indicated

that the June 1, 2010 foreclosure would not take place because GMACM had received all of the required documentation needed to make a determination regarding Plaintiffs' loan modification. *Id.* Plaintiffs allege that they then relied, to their detriment, on this statement regarding the stay of the foreclosure. *Id.*

Defendants argue that the Plaintiffs' claim fails because it is based on alleged conduct by GMACM – not Fannie Mae – and, in the alternative, that the agreement is barred by the statute of frauds. *See* Dkt. No. 33 at 13.

To establish a promissory estoppel claim, "the promise must be a promise to sign an already existing written agreement that would itself satisfy the statute of frauds." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 761 (N.D. Tex. 2012). Because Plaintiffs do not allege that Fannie Mae promised to sign an existing written agreement, Plaintiffs fail to plead or establish a claim of promissory estoppel for which relief may be granted. *See id.* That is, the promise underlying this promissory estoppel claim does not satisfy the statute of frauds. Therefore, this claim fails as a matter of law, Defendant's motion for judgment on the pleadings regarding Plaintiffs' promissory estoppel claim should be granted, and this claim should be dismissed with prejudice.

Unreasonable Collection Efforts

Under Texas law, a claim of unreasonable collection efforts is characterized as a common law intentional tort. *See Fath v. BAC Home Loans*, No. 3:12-cv-1755-O, 2013 WL 3203092, at *14 (N.D. Tex. June 25, 2013) (citation omitted). The elements of this claim are not clearly defined and the conduct that is deemed to constitute an unreasonable collection effort varies from case to case; therefore, the reasonableness

of the conduct is judged on a case-by-case basis. *See Id.* (citing *Kopin v. Wells Fargo Bank, N.A.*, No. 4:11-cv-751, 2013 WL 74601, at*6 (E.D. Tex. Jan. 4, 2013)). To support their claim of unreasonable collection efforts, Plaintiffs must allege facts amounting to a course of harassment by the defendant that was "'willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.'" *Williams,* 560 F. App'x at 240 (quoting *EMC Mortg. Corp. v. Jones,* 252 S.W.3d 857, 868 (Tex. App. – Dallas 2008, no pet.)); *see also Fath,* 2013 WL 3203092, at *14.

Plaintiffs allege that Defendant "engaged in a course of harassment and misinformation that was intentional, knowing, and reckless" and that they were injured by that conduct. *See* Dkt. No. 1-1 at 7-8. Defendant argues that (1) Plaintiffs do not offer sufficient factual allegations in support of the claim; (2) Plaintiffs' reliance on the allegations regarding the payment of the property taxes and the oral agreement fail as a matter of law; and (3) Plaintiffs have not alleged, and fail to establish, that the Defendant intended to cause them bodily harm. *See* Dkt. No. 33 at 14-15.

The undersigned agrees with Defendant. In their pleadings, Plaintiffs fail to allege facts to establish that any action taken by Defendant rose to the level of "willful, wanton, and malicious" or that the alleged conduct by Defendant was intended to inflict mental anguish or bodily harm. *Accord Milton v. US Bank Nat'l Ass'n*, 508 F. App'x 326, 330 (5th Cir. 2013). Further, Plaintiffs were still in default at the time that the alleged acts occurred. "Texas courts generally do not sustain claims of unreasonable collection efforts when the plaintiff still owes money to the lender.*" Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d. 800, 814 (N.D. Tex. 2012). And

courts have routinely dismissed such claims brought by plaintiffs in federal court. *See Fath*, 2013 WL 3203092, at *14; *see also Williams*, 560 F. App'x at 240 ("At most, the Williamses disputed the amount of the debt but not that they were in default").

In this case, Plaintiffs do not allege sufficient facts to show that Defendant was calling or otherwise harassing Plaintiffs. *See* Dkt. No. 1-1 at 7-8. Rather, Plaintiffs complain about a lack of communication by GMACM – not Fannie Mae – regarding the alleged wrongful payment of property taxes on the unencumbered property. Because Plaintiffs have alleged no facts to support a claim of unreasonable collection efforts against Fannie Mae, they fail to state a claim for which relief may be granted. Because the undersigned concludes that Plaintiffs' claim is not legally viable and no amount of artful or creative pleading of facts will permit Plaintiffs to state a claim upon which relief can be granted, Defendant's motion for judgment on the pleadings regarding Plaintiffs' unreasonable collection efforts claim should be granted, and this claim should be dismissed with prejudice.

<u>Intentional Misrepresentation</u>

A claim of intentional misrepresentation is synonymous with a claim of fraud. *See Renfrow v. CTX Mortg. Co.,* No. 3:11-cv-3132-L, 2012 WL 3582752, at *7 (N.D. Tex. Aug. 20, 2012). To prevail on a claim for intentional misrepresentation, Plaintiff must show that (1) Fannie Mae made a material representation that was false; (2) Fannie Mae knew the representation was false or made the representation recklessly as a positive assertion without any knowledge of its truth; (3) Fannie Mae intended to induce Plaintiffs to act upon the representation; and (4) Plaintiffs actually and

justifiably relied upon the representation and thereby suffered injury. *See Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001); *see also Rencare, Ltd. v. United Med. Res., Inc.*, 180 S.W.3d 160, 166 (Tex. App. – San Antonio 2005, no pet.).

Plaintiffs' intentional misrepresentation claim is based on allegations that, in the course of a business transaction in which Plaintiffs had a pecuniary interest, (1) Defendant supplied false information to Plaintiffs; (2) Defendant did not exercise reasonable care or competence in communicating or obtaining information; and (3) Plaintiffs justifiably relied on the information. *See* Dkt. No. 1-1 at 8. Plaintiffs further contend that these representations were intentional, or in the alternative, negligent. *See id.*

Defendant argues that Plaintiffs' claim fails because it does not meet the heightened pleading requirements as set out in Federal Rule of Civil Procedure 9 and because the claim is barred by the economic loss doctrine. *See* Dkt. No. 33 at 15-16.

Plaintiffs' allegations do not meet Rule 9(b)'s heightened pleading requirement for fraud or misrepresentation claims. *See* FED. R. CIV. P. 9(b). Rule 9(b) requires that a party must state with particularity the circumstances constituting fraud or misrepresentation. *See id.* In the Initial Complaint, Plaintiffs do not specify which representations made by Fannie Mae were intentionally false or misleading. They merely restate the elements of the claim and make conclusory and general allegations that "defendant" did not exercise reasonable care in communicating information and that the information that "defendant" supplied was false. Dkt. No. 1-1 at 8. They also

-12-

fail to specify who within Fannie Mae made these representations. *See id.* Taken together with Rule 8(a)'s insistence on presenting more than an "unadorned, the-defendant-actually-harmed-me accusation" in the pleadings, Plaintiffs have not sufficiently plead their claim. *See Iqbal*, 556 U.S. at 678.

Plaintiffs' intentional misrepresentation claim is also barred by the economic loss rule. In Texas, courts have established policies that prevent litigants from twisting breach of contract claims into tort claims. *See Turnbow v. PNC Mortg.*, No. 4:12-cv-2835, 2013 WL 5410075, at *5 (S.D. Tex. 2013). The economic loss rule prohibits tort claims when the parties' relationship and their attendant duties arise out of contract. *See Wiley v. U.S. Bank Ass'n, N.A.*, No. 3:11-cv-1241-B, 2012 WL 1945614, at *12 (N.D. Tex. May 30, 2012); *see also Smith v. JP Morgan Chase Bank, N.A.,* 519 F. App'x 861, 865 (5th Cir. 2013). The economic loss doctrine bars a negligence claim where the alleged tort stems directly from a defendant's alleged actions and obligations under a note and deed of trust. *See Hutchison v. Bank of America, N.A.,* No. H-12-3422, 2013 WL 5657822, at *7 (S.D. Tex. Oct. 16, 2013), *aff'd,* No. 13-20658, 2014 WL 3513221, at *1 (5th Cir. July 17, 2014) ("we agree totally with the reasoning and results set forth by the district court in its Memorandum Opinion & Order").

Plaintiffs' intentional misrepresentation claim derives solely from the contractual relationship created by the Note and Deed of Trust and the enforcement of those agreements following their default. Their alleged damages are economic in nature and depend on the existence of Plaintiffs' contract with GMACM. Thus, the economic loss rule limits Plaintiffs' recovery to that available under the contract, and

they may not assert a claim in tort. Because the undersigned concludes that Plaintiffs'
claim is not legally viable and no amount of artful or creative pleading of facts will
permit Plaintiffs to state a claim upon which relief can be granted, Defendant's motion
for judgment on the pleadings regarding Plaintiffs' intentional misrepresentation claim
should be granted, and this claim should be dismissed with prejudice.

Negligent Misrepresentation

In the alternative to their intentional misrepresentation claim, Plaintiffs appear
to assert a claim for negligent misrepresentation. The elements of the tort of negligent
misrepresentation are that

> (1) the representation is made by the defendant in the course of his
> business, or in a transaction in which he has a pecuniary interest, (2) the
> defendant supplies "false information" for the guidance of others in their
> business, (3) the defendant did not exercise reasonable care or
> competence in obtaining or communicating the information, and (4) the
> plaintiff suffers pecuniary loss by justifiably relying on the
> representation.

*Williams,* 560 F. App'x at 242. Under Texas law, the false information provided must
be a misstatement of existing fact rather than a promise of future conduct; merely
alleging that the defendant made a promise relating to future loan modifications or
promise of future action will not support a claim for negligent misrepresentation. *See*
*Milton*, 508 F. App'x at 329.

Defendant argues that the Plaintiffs' negligent misrepresentation claim is
barred by the statute of limitations and fails as a matter of law. *See* Dkt. 33 at 16 n.1.
Plaintiffs fail to show that the promise to delay foreclosure and modify the agreement
constitutes a statement of existing fact or that such a representation was made by an

individual at Fannie Mae. Plaintiffs' claim of negligent misrepresentation lacks any support because a promise of future conduct is not actionable. Because the undersigned concludes that Plaintiffs' claim is not legally viable and no amount of artful or creative pleading of facts will permit Plaintiffs to state a claim upon which relief can be granted, Defendant's motion for judgment on the pleadings regarding Plaintiffs' negligent misrepresentation claim should be granted, and this claim should be dismissed with prejudice.

Texas Debt Collection Act

Plaintiffs next claim that Fannie Mae violated various sections of the Texas Debt Collection Act ("TDCA"). The TDCA codifies the common law prohibition against unreasonable collection practices and prohibits the use of deceptive means, misrepresentations, actions constituting harassment, and making threats in the collecting of a consumer debt. *See Robinson v. Wells Fargo Bank, N.A.,* ___ F. App'x ___, 2014 WL 3702588, at *3-*4 (5th Cir. July 28, 2014); *Starling v. JP Morgan Chase Bank, N.A.*, No. 3:13-cv-777-M-BN, 2013 WL 4494525, at *6 (N.D. Tex. Aug. 22, 2013). Plaintiffs claim that Fannie Mae violated the TDCA in that they (1) "falsely represented the status or nature of the services rendered,"under Texas Finance Code § 392.304(14); and (2) violated the TDCA by using "false and deceptive means to collect a debt or obtain information" under Texas Finance Code § 392.304(19). *See* Dkt. No. 1-1 at 9.

For a statement to constitute a misrepresentation under the TDCA, defendants must have made a false or misleading statement relating to the character, extent, or

amount of the plaintiff's debt. *See Johnson v. Wells Fargo Bank, N.A.*, No. 3:13-cv-1793-M, 2014 WL 717191, at *11 (N.D. Tex. Feb. 24, 2014). In their complaint, Plaintiffs again mainly restate the statutory language for each of their TDCA claims. *See* Dkt. No. 1-1 at 8-9. Plaintiffs seem to also rely on the allegations regarding statements made by GMACM in connection with the payment of property taxes on the unencumbered land and the alleged oral agreement to postpone the foreclosure sale as support for the alleged TDCA violations. *See id.* at 9.

Defendant first argues that, "to the extent that those allegations are also to be directed at Fannie Mae, they fail as a matter of law." Dkt. No. 33 at 17. Defendant further argues that Plaintiffs "set forth no factual allegations regarding a causal link between an alleged TDCA violation and any alleged damages." *Id.*

Plaintiffs TDCA claims fail. To constitute a false statement or a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading. *See Robinson,* 2014 WL 3702588, at *4; *see also Kruse v. Bank of New York Mellon*, 936 F. Supp. 2d 790, 792 (N.D. Tex. 2013). Plaintiffs do not allege any affirmative representations made directly by Fannie Mae that would constitute a false representation regarding the status of the services that it rendered or its use of any deceptive means. That is, they have not claimed that Defendant made any alleged promise to modify the payment amount or to postpone foreclosure proceedings without any intention of performing it. *See Robinson*, 2014 WL 3702588, at *4; *compare Miller v. BAC Home Loans Servicing, L.P.,* 726 F.3d 717, 723-24 (5th Cir. 2013) (plaintiff states claim for misrepresentation when the mortgagee promised to consider the

application before foreclosing on the property). Plaintiffs focus mainly on the actions of GMACM, which is no longer a party to this suit.

Moreover, there is no indication that any of the alleged statements during the loan modification negotiations were "communications in connection with *collection* of a debt." *Singha v. BAC Home Loans Servicing, L.P.,* ___ F. App'x ___, 2014 WL 1492301, at *5 (5th Cir. Apr. 17, 2014) (emphasis in original). Further, Plaintiffs do not set forth any factual allegations to show a causal link between any alleged TDCA violations made by Fannie Mae and any alleged damages as a result thereof, as required by Texas Finance Code § 392.403(a)(2). *See* TEX. FIN. CODE § 392.403(a)(2).

Plaintiffs fail to state a claim for violations of the TDCA. Because the undersigned concludes that Plaintiffs' claim is not legally viable and no amount of artful or creative pleading of facts will permit Plaintiffs to state a claim upon which relief can be granted, Defendant's motion for judgment on the pleadings regarding Plaintiffs' TDCA claim should be granted, and this claim should be dismissed with prejudice.

Suit to Quiet Title

A suit to quiet title relies on the invalidity of the defendant's claim to property. *See Gordon v. West Houston Trees, Ltd.,* 352 S.W.3d 32, 42 (Tex. App. – Houston [1st Dist.] 2011, no pet.). It is "an equitable action in which a plaintiff must prove and recover on the strength of his own title, not the weakness of his adversary's." *Singha,* 2014 WL 1492301, at *5. To prevail on a claim to quiet title, Plaintiffs must show that (1) they have an interest in a specific property; (2) title to the property is affected by

a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *See U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] 2011, no pet.) (citations omitted).

Plaintiffs allege that Defendant's title was obtained via wrongful foreclosure and that the Deed of Trust therefore should have no force or effect. *See* Dkt. No. 1-1 at 9. Plaintiffs again rely on the alleged oral modification and the mispayment of property taxes as the sole support for their claim. Defendant argues that Plaintiffs' claim fails because of their reliance on these meritless allegations. *See* Dkt. No. 33 at 17-18.

Plaintiffs fail to state a claim for quiet title. Plaintiffs do not allege any facts that, if proved, would show that they have superior title over Fannie Mae, nor do Plaintiffs allege that they are current on the loan. Rather, they challenge Defendant's title because of the actions taken by GMACM prior to foreclosing on the property and contended that GMACM lacked the authority to foreclose on the property. *See* Dkt. No. 1-1 at 9. Plaintiffs fail to state a claim for which relief may be granted.

Defendant's motion for judgment on the pleadings on the suit to quiet title should be granted. Because the undersigned concludes that Plaintiffs' claim is not legally viable and no amount of artful or creative pleading of facts will permit Plaintiffs to state a claim upon which relief can be granted, this claim should be dismissed with prejudice.

Application for Temporary Restraining Order

Finally, Plaintiffs request a temporary restraining order in order to preserve the status quo (allowing Plaintiffs to remain in their home) as well as to enjoin the eviction

through a temporary injunction. *See* Dkt. No. 1-1 at 9-10. Plaintiffs claim that they "will suffer immediate irreparable injury if Defendants are allowed to continue with eviction of the Plaintiffs from their homestead." *Id.* at 9. "Under Texas law, a request for injunctive relief is not itself a cause of action[.]" *See Marsh v. Wells Fargo Bank, N.A.,* 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (citation omitted). Rather, an injunction depends on an underlying cause of action. *See id.*

Because Plaintiffs' claims fail, the application for the temporary restraining order and temporary injunction should be denied.

## Recommendation

Defendant Fannie Mae's motion for judgment on the pleadings [Dkt. No. 33] should be granted. Plaintiffs Kirk and Roxanna Kinder's case should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: August 4, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE